IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EDDIE V. RAAB | § | |
| | § | |
| V. | § | NO. A-05-CA-288-LY |
| | § | |
| TEXAS HEALTH AND HUMAN SERVICES | § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendants' Partial Motion to Dismiss Plaintiff's Original Complaint (Clerk's Doc. No. 19). On April 25, 2007, Judge Yeakel referred all dispositive motions to the undersigned for report and recommendation.

### I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), "a claim will not be dismissed unless the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395 (5th Cir. 2005). "A district court cannot dismiss a complaint for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief.'" *United States ex rel. Bain v. Georgia Gulf Corp.*, 386 F.3d 648, 653-54 (5th Cir. 2004). The complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Kane Enters. v. MacGregor (USA) Inc.*,

322 F.3d 371, 374 (5th Cir. 2003).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003).

## II.  BACKGROUND

Plaintiff's Amended Complaint is a model of brevity.  It simply asserts that Plaintiff was employed by Defendant Texas Health and Human Services (THHS) and that he was discriminated against based on his race.  Little more is provided in the way of facts to support the claims.  Thus, for purposes of reviewing Plaintiff's claims under the above-stated standard, the Court will assume that Plaintiff was employed in some way by THHS – he doesn't identify the capacity he was employed in other than to allude to "interviewing clients" – and that Charlie Lumpkins was his manager at THHS.  At bottom,[1] Plaintiff's contentions seem to be that Lumpkins, with racist motivations, engineered Plaintiff's dismissal from THHS by firing him for taking off work without filing the proper "leave forms."  Plaintiff contends that he did in fact file those leave forms – he emailed them to Lumpkins – and showed these emails to the Program Manager, Mari Forcade.  Plaintiff was then terminated.  He was informed by a supervisor, in a letter, that "[he] had been terminated because [he] forged email."  *See* Plaintiff's Complaint, at 5 (Clerk's Doc. No. 1).

Plaintiff filed suit alleging causes of action under § 1981, Title VII, and slander and libel.  THHS have now moved to dismiss Plaintiff's § 1981 and his state law claim made pursuant to the Texas Labor Code.

---

[1] The Court has looked to Plaintiff's previously filed *pro se* original complaint (*see* Clerk's Doc. No. 1) to fill in some of the factual holes in the First Amended Complaint filed by his counsel.

## II. ANALYSIS

**1.    State Law Claim.**

THHS contends that it is entitled to summary judgment on Plaintiff's state law claim under chapter 21 of the Texas Labor Code – *i.e.*, the Texas Commission on Human Rights Act – for discrimination against him on the basis of his race. TEX.LABOR CODE ANN. § 21.051 (West 1996) (Discrimination by Employer). This is one of the relatively rare cases where the Texas legislature explicitly waived state sovereign immunity. *See King v. Texas Dept. of Human Services ex rel. Bost*, 28 S.W.3d 27, 30 (Tex. App. – Austin, 2000, no pet. h.) ("The TCHRA, which prohibits unlawful employment discrimination, contains such a waiver by including state agencies in the Act's definition of 'employer.'").

However, a waiver of sovereign immunity in state court does not mean the state has waived Eleventh Amendment immunity in federal court. *Perez v. Region 20 Educ. Service Center*, 307 F.3d 318, 332 (5th Cir. 2002) (holding that Texas Labor Code's waiver of sovereign immunity for Texas Labor Code claims in state court did not waive sovereign immunity on federal ADA claims in federal court). In other words, even when a State consents to suit in its own courts, it retains, absent an explicit waiver, Eleventh Amendment immunity from suit in federal court. *See, e.g., Welch v. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473-74, (1987); *Fla. Dep't of Health and Rehabilitative Servs. v. Fla. Nursing Home Ass'n*, 450 U.S. 147, 150 (1981); *Martinez v. Texas Dept. of Criminal Justice*, 300 F.3d 567, 575 (5th Cir. 2002). A state's consent to being sued in federal court must "be unequivocally expressed." *Martinez*, 300 F.3d at 575; *see also Lapides v. Bd. of Regents of Univ. System of Ga.*, 535 U.S. 613, (2002) ("a 'clear' indication of the state's intent to waive its immunity" required); *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305 (1990) (waiver must be

"stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction"). Simply put, for a state statute to waive Eleventh Amendment immunity, "it must specify the State's intent to subject itself to suit in *federal court*." *Feeney*, 495 U.S. at 306 (emphasis in original; internal quotation marks omitted).

One of the central purposes of the Labor Code was to give similar protection to state employees as that afforded by the well-known federal statutory scheme of Title VII of the Civil Rights Act of 1964. *See* TEXAS LABOR CODE ANN. § 21.001 (Vernon 2006). The section of the Texas Labor Code Plaintiff cites does waive sovereign immunity for claims brought under the Labor Code in state court. *See Sauls v. Montgomery County*, 18 S.W.3d 310, 313-15 (Tex. App. – Beaumont 2000, no pet.). But while the Texas Labor Code expresses Texas' desire to bring itself into harmony with federal protection for employees, it does not, as it must, expressly and unequivocally waive sovereign immunity in *federal court*. *Feeney*, 495 U.S. at 306 (emphasis in original; internal quotation marks omitted); *Martinez*, 300 F.3d at 575. Given this, Plaintiff's TCHRA claim against THHS should be dismissed.

**2.      § 1981 Claim**

Although this claim appears in Plaintiff's First Amended Complaint, Plaintiff does not respond to THHS's argument in its Motion to Dismiss that his § 1981 claim should be dismissed on Eleventh Amendment immunity grounds. "Inadequately briefed issues are deemed abandoned." *United States v. Stevens*, 487 F.3d 232, 242 n.1 (5th Cir. 2007). Therefore, Plaintiff's § 1981 claim should be dismissed.

## V.  RECOMMENDATION

Based on the above, the Magistrate Court **RECOMMENDS** that the District Court **GRANT** Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint, and dismiss Plaintiff's § 1981 claim and Texas Labor Code claim for failing to state on which relief may be granted.  *See* Clerk's Doc. No.  30.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of September, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE