**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **EDDIE V. RAAB** | § | |
| | § | |
| **V.** | § | **NO. A-05-CA-288-LY** |
| | § | |
| **TEXAS HEALTH AND HUMAN** | § | |
| **SERVICES COMMISSION** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendants' First Amended Motion for Summary Judgment (Clerk's Doc. No. 44). On April 25, 2007, Judge Yeakel referred all dispositive motions to the undersigned for report and recommendation.

**SUMMARY JUDGMENT STANDARD OF REVIEW**

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a

motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary-judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary-judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary-judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential

to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## BACKGROUND

Defendant moves for summary judgment, contending that much of what Plaintiff complains of is time-barred by the relevant statute of limitations, and that Plaintiff cannot demonstrate a *prima facie* case of Title VII wrongful termination or retaliation.

Plaintiff's amended complaint can best be described as barebones. From the Defendant's Motion and other pleadings in the file, the Court makes the following summary of the facts. In 2001, Plaintiff was hired by Defendant Texas Health and Human Services Commission (THHSC) as a "Texas Works Advisor" – a job that entailed determining applicants' eligibility for food stamps, Medicaid, and other government programs. In October 2003, Plaintiff emailed a draft complaint of discrimination to the DHS Region 7 Civil Rights Director. That complaint, however, was never pursued, and Plaintiff decided to resolve the issue informally with his manager. In May 2004, Plaintiff had an altercation with a co-worker. Christine Silva, Plaintiff's supervisor, stopped by Plaintiff's office because she received a phone call from a client who was concerned because she had not been able to speak with Plaintiff (he was her caseworker). After she relayed this information, Plaintiff began shouting at Silva. Silva left his office, but Plaintiff followed her to her office, shouting after her all the way. Silva then picked up the phone and began to dial Charlie Lumpkins (Silva's supervisor), but he was out of the office that day. Plaintiff stopped shouting and left Silva's office. After speaking with Silva, Lumpkins came into the office, and told Plaintiff that his behavior was unacceptable and Lumpkins then contacted *his* supervisor, Mari Forcade, and explained the details of the incident to her. Forcade then met with Plaintiff on June 8, 2004, and issued Plaintiff

a "First-Level Reminder," the lightest reprimand available under the THHSC's "progressive performance management system." *See* Defendant's Motion at 5-6.

On September 3, 2004, Plaintiff was terminated from THHSC.  The record is silent as to the reason for his termination.  On December 3, 2004, Plaintiff wrote a letter to the EEOC in which he stated that Lumpkins had referred to black people as "Colored People" in a meeting in November 2003, and that he was reprimanded (also in 2003).  *See* Defendant's Mtn, Exh 6.  The EEOC, in a letter, responded to Plaintiff that "there is no evidence that you have suffered a significant employment harm," but that if he wished to file a charge of discrimination the EEOC would draft one for him.  *Id*.  On January 7, 2005,[1] Plaintiff filed a charge of discrimination that stated: "On June 8, 2004, I received a warning.  I believe I have been discriminated against because of my race, Black, and in retaliation for complaining of discrimination, both in violation of Title VII of the Civil Rights Act of 1964, as amended."  *See id*. at Exh 8.  Noting that it was unable to conclude that the information Plaintiff provided constituted a violation, the EEOC issued a right to sue letter.

On April 26, 2005, Plaintiff filed suit alleging causes of action under § 1981, Title VII, and slander and libel.  This Court, in an earlier Report and Recommendation, later adopted by Judge Yeakel, *see* Clerk's Doc. Nos. 32 & 34, dismissed Plaintiff's § 1981 and his state law claim made pursuant to the Texas Labor Code.  (Plaintiff dropped the libel and slander claims when he filed his amended complaint).  Plaintiff's sole remaining claim against THHSC is under Title VII.  THSSC now moves for summary judgment on that claim.

---

[1] Plaintiff mistakenly dated it "1/7/04."

## ANALYSIS

Defendant filed its motion for summary judgment on February 1, 2008. *See* Clerk's Doc. No. 44). Plaintiff's response was due on February 19, 2008. *See* W.D. Tex. Local R. CV-7(d) (requiring party opposed to motion to respond within eleven days of service of motion and allowing district court to grant motion as unopposed if no timely response is filed). To date Plaintiff has not filed a response, and in reply to a call from the Court, Plaintiff's counsel stated that she does not intend to file one. Thus, pursuant to Local Rule CV-7(d), THHSC's motion may be granted as unopposed if review of the case file reveals that Plaintiff is entitled to summary judgment. *See Wang v. Ashcroft*, 206 F.3d 448, 452 (5th Cir. 2001). This Court may not, however, invoke the local rule to *automatically* grant a motion that is dispositive of the litigation. *John v. Louisiana Bd. of Trs. for State Colls. & Univs.,* 757 F.2d 698, 707-10 (5th Cir. 1985).

As noted above, the Court will grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant can meet its burden of demonstrating that there is no genuine issue of material fact on an element of the nonmovant's claim if it "point[s] out to the district court [] that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the record as a whole could not lead a rational jury to find for the nonmoving party, there is no genuine issue for trial and summary judgment is warranted. *Wheeler v. Miller*, 168 F.3d 241, 247 (5th Cir. 1999).

Plaintiff's amended complaint is puzzling. In the "Facts" section, it contends that "[o]n or about 2005, Defendant engaged in a pattern of racial discrimination against Plaintiff." *See* Plaintiff's

Amended Complaint at 2.  The complaint next states that Plaintiff was fired on September 3, 2004.  *Id*.  This is factually impossible, or, at the very least, not legally cognizable.  Even in the unlikely event that Defendant racially discriminated against Plaintiff *after* he was fired, since he was no longer employed by the Defendant there can, at least, be no Title VII claim.  In any event, the Court will cautiously assume that the 2005 date is in error and will proceed with the analysis.  It is difficult to determine what, exactly, Plaintiff is complaining about in his amended complaint.  As best as the Court can determine, Plaintiff is complaining of being retaliated against for filing a charge of discrimination in 2003, Plaintiff's Amended Complaint at 2-7, and also for being terminated on the basis of his race, *id.* at 7-8 (referring to his firing, and, in the prayer, seeking "future lost earning and benefits").  This latter claim is only present through a liberal reading of the complaint.

Defendant moves for summary judgment on the termination claim because, it contends, Plaintiff did not exhaust his administrative remedies with respect to this claim.[2]  Defendant argues that because Plaintiff did not mention his termination in his EEOC Charge he is precluded from complaining about it now.  However, the Fifth Circuit has held that "[a] Title VII cause of action may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination."  *Jones v. Delta Towing, LLC*, 512 F. Supp. 2d 479, 486 (E.D. La. 2007)

---

[2] It is worth noting here Defendant's time-bar argument that insofar as Plaintiff complains of discriminatory acts by it before March 12, 2004 – 300 days before Plaintiff filed his EEOC charge – is correct.  *See Pope v. MCI Telecommunications Corp.*, 937 F.2d 258, 264 (5th Cir. 1991) (Title VII plaintiff who first seeks relief from a state or local agency with jurisdiction over employment discrimination claims has 300 days to file with the EEOC). However, given the lack of clarity as to what Plaintiff is complaining about, the Court will proceed with the analysis as if no claims are time-barred.

(citing *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1985)).   Construing the amended complaint liberally to include a claim that Plaintiff's termination was the result of discrimination or retaliation, the Court finds that such a claim could reasonably be expected to grow out of the complaint Plaintiff asserted in his EEOC charge.   Thus, the wrongful termination claim is properly before the Court.[3]

## A.    Title VII Retaliation

Plaintiff complains that he was retaliated against (apparently by being disciplined with a warning[4]) for filing a discrimination claim.   To establish a prima facie case of retaliation, a plaintiff must satisfy three elements: (1) the employee engaged in activity protected by Title VII; (2) the employer took adverse employment action against the employee; and (3) a causal connection exists between that protected activity and the adverse employment action.   *Brazoria County v. EEOC*, 391 F.3d 685, 692 (5th Cir. 2004).   The Supreme Court's decision from the last term in *Burlington Northern & Santa Fe Railway Co. v. White* provides the analytical framework for determining what constitutes an "adverse employment action."   126 S. Ct. 2405 (2006).   There, the Court explained that "the means by which an employer can retaliate against an employee are not limited to altering his compensation, terms, conditions, or privileges of employment." If further noted that:

> [a] provision limited to employment-related actions would not deter the many forms that effective retaliation can take. Hence, such a limited construction would fail to fully achieve the anti-retaliation provision's primary purpose, namely, [m]aintaining unfettered access to statutory remedial mechanisms . . . .   Thus, purpose reinforces what language already indicates, namely, that the anti-retaliation provision, unlike the substantive provision, is not limited to discriminatory actions that affect the terms and conditions of employment.

---

[3] The retaliation claim is clearly properly before the Court as Plaintiff uses that very word in the EEOC Charge.  *See* Defendant's Motion, Exh. 8.

[4] Here again, the barebones complaint and the lack of any summary judgment evidence makes all of this somewhat speculative.

*Id*. at 2412-13.  Thus, to determine "[w]hether a particular reassignment is materially adverse depends upon the circumstances of the particular case, and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances."  *Id*. at 2417. "We speak of *material* adversity," the Court continued, "because we believe it is important to separate significant from trivial harms. Title VII, we have said, does not set forth 'a general civility code for the American workplace.'"  *Id*. (citing *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998)).  The Court summarized: "We also conclude that the provision covers those (and only those) employer actions that would have been materially adverse to a reasonable employee or job applicant.  In the present context that means that the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination."  *Id.* at 2409.

Here, Plaintiff fails to establish a *prima facie* case of retaliation on Defendant's part. Assuming for the sake of resolving this issue that Plaintiff was engaged in protected activity, and the warning was an adverse employment action – and it is certainly debatable whether the lowest possible form of reprimand constitutes a "*material* adversity," *id*. at 2417 – there is no evidence of a causal connection between the warning and the complaint of discrimination.  *Brazoria County*, 391 F.3d at 692.  Indeed, the Defendant's evidence demonstrates that the warning followed immediately from the Plaintiff's outburst at Silva, and that there was plainly a legitimate reason for it.  The only "protected activity" in the record that preceded this warning was the October 2003 e-mail, which never resulted in a formal complaint of discrimination.  That activity was a year removed from the warning, while the facts Defendant contends supported the warning took place within days of the

warning.  Thus, the summary judgment evidence fails to demonstrate any causal connection between any protected activity by Plaintiff and the warning he received.

As the Supreme Court explained more than 20 years ago in its seminal summary judgment trilogy, if a summary judgment movant contests the existence of evidence to support a claim on which the respondent bears the burden at trial, to avoid summary judgment, the respondent must come forward with sufficient evidence to at least demonstrate the existence of a triable fact issue on that element.  *Celotex*, 477 U.S. at 322 ("If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted.").  Not only would Plaintiff bear this burden at trial, he bears it now, at the summary judgment stage.  And there is no summary judgment evidence proffered by Plaintiff at all; therefore, it is impossible for him to prove up *any* element of his *prima facie* case retaliation.  Given this, it is recommended that Defendant's Motion for Summary Judgment on this claim be granted.

**B.      Wrongful Termination**

As noted above, the Court will analyze Plaintiff's putative wrongful termination Title VII claim.  To establish a prima facie case of discrimination, the plaintiff must show that: (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was discharged; and (4) after he was discharged, he was replaced by someone who is not a member of the protected class.  *Frank v. Xerox Corp.*, 347 F.3d 130, 137 (5th Cir.2003).

To survive summary judgment on his discrimination claims, Plaintiff must satisfy the burden shifting test established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and affirmed in *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133 (2000).  Under this test, the plaintiff

must first establish a *prima facie* case of discrimination. *Reeves*, 530 U.S. at 142; *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005). If the plaintiff establishes a *prima facie* case of discrimination, then the burden shifts to the defendant to rebut plaintiff's case by articulating a legitimate, nondiscriminatory reason for its decision. *Reeves,* 530 U.S. at 142. If the defendant produces a legitimate reason, any presumption of discrimination raised by the plaintiff's *prima facie* case vanishes. *Septimus,* 399 F.3d at 609. However, the plaintiff may still avoid summary judgment if she demonstrates a genuine issue of material fact as to whether the legitimate reasons proffered by the defendant are not its true reasons, but instead are a pretext for discrimination. *Id.*

While it is true that the bar for hurdling the prima facie requirement is low, *see Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 779 (8th Cir. 1995) (establishing prima facie case in an employment discrimination cause of action not a "difficult or onerous burden"), in his amended complaint, Plaintiff makes conclusory allegations (and this is placing the complaint in its best light) that Defendant terminated him for illegitimate reasons. However, he has offered no competent summary judgment evidence raising a genuine issue of material fact on any of these allegations. *Boudreax v. Rice Palace, Inc.*, 491 F. Supp.2d 625, 641 (W.D. La. 2007). Indeed, the summary judgment record is completely silent regarding the Plaintiff's termination. As with the wrongful termination claim, the *Celotex* analysis controls here too. *See supra*; *see also* 477 U.S. at 322-23. While Plaintiff has probably satisfied the first three elements of *prima facie* case here, because he offers no summary judgment evidence, it is impossible for him to satisfy the last element – that he was replaced by someone from a non-protected class. Because he has failed to demonstrate the existence of a *prima facie* case of racial discrimination, Defendant's Motion for Summary Judgment on this point should be granted.

10

## RECOMMENDATION

Based on the above, the Magistrate Court **RECOMMENDS** that the District Court **GRANT** Defendant's THHSC Motion for Summary Judgment in its entirety. *See* Clerk's Doc. No. 44.

## WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 4th day of March, 2008.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE